**REED SMITH LLP**
*Formed in the State of Delaware*
Mark S. Melodia, Esq.
Diane A. Bettino, Esq.
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Tel. (609) 987-0050
Fax (609) 951-0824
Attorneys for Defendant, Wells Fargo Bank, N.A.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK S. GURALNICK and SUZANNE GURALNICK,<br>individually and as a class representative on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & CO.,<br><br>Defendant. | Civil Action No.<br><br><br><br><br><br><br><br>**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT** |

PLEASE TAKE NOTICE that Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"), incorrectly identified as "Wells Fargo & Company" in the Complaint, by and through its attorneys, hereby removes this action from the Superior Court of New Jersey, Law Division, Camden County to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1332 and 1441, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA" or "the Act"), and authorized by 28 U.S.C. § 1453. CAFA was signed into law on February 18, 2005, with the express purpose of expanding federal jurisdiction to allow for the liberal removal of certain class actions filed in state court to federal court. See S.

REP. NO. 109-14, at 6 (2005); 151 Cong. Rec. H730 (statement of Rep. F. James Sensenbrenner); see also Standard Fire Ins. Co. v. Knowles, No. 11-1450, 2013 WL 1104735 (U.S. Mar. 19, 2013).

As grounds for removal, Wells Fargo states the following:

## BACKGROUND

1.     On February 19, 2013, Plaintiffs Mark S. Guralnick and Suzanne Guralnick ("Plaintiffs"), on behalf of themselves, and purportedly on behalf of all others similarly situated, filed a putative statewide class action complaint ("Complaint") with the Clerk of the Superior Court of New Jersey, Law Division, Camden County, New Jersey, naming Wells Fargo as a defendant for the first time ("State Court Action"). The State Court Action was assigned Docket No. L-811-13. On March 7, 2013, Wells Fargo was served with the Summons and Complaint through its counsel, Diane A. Bettino. No further proceedings before the state court have occurred.

2.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Wells Fargo in the State Court Action, namely the Summons and Complaint, is attached hereto as **Exhibit A**.

3.     Plaintiffs allege that they reside at 31 Treebark Terrace, Voorhees, New Jersey ("Property"). Compl. ¶ 8, Ex. A. On information and belief, Plaintiffs allegedly resided at the Property and were domiciled there at the time of the Complaint. Accordingly, on information and belief, they were citizens of New Jersey at the time of the Complaint.

4.     Plaintiffs executed and delivered a note to World Savings Bank, FSB on September 21, 2006 in the sum of $277,800 payable over a 360 month period in biweekly installments to refinance the Property ("Note"). To secure the note, Plaintiffs executed and

delivered a non-purchase money mortgage on the same day to World Savings Bank, FSB against the Property ("Mortgage"). A true and correct copy of the Note and Mortgage is attached hereto as **Exhibit C-D**.

5. Plaintiffs allege that Wells Fargo refused to acknowledge the dismissal of Plaintiffs' bankruptcy petition and thereafter refused to accept payment on the Mortgage. Compl. ¶ 29, Ex. A. The complaint further alleges that this allowed Wells Fargo to assess Plaintiffs' account with additional charges. Compl. ¶ 30, Ex. A.

6. Plaintiffs allege that Wells Fargo refused to acknowledge receipt of communication indicating the Property was insured. ¶ 30, Ex. A. The complaint further alleges this allowed Wells Fargo to falsely presume the Property was uninsured and assess additional charges for unnecessary hazard insurance. Id.

7. Plaintiffs allege that Wells Fargo failed to follow up on phone calls, and avoided communication with the Plaintiffs with the purpose of increasing Plaintiffs' indebtedness. Compl. ¶ 31-32, Ex. A.

8. Effective December 31, 2007, World Savings Bank, FSB amended its charter and bylaws to change its name to Wachovia Mortgage, FSB. Effective November 1, 2009, Wachovia Mortgage, FSB converted to a national bank, merged with and became Wells Fargo Bank, N.A. A true and correct copy of the November 19, 2007 and November 1, 2009 letters reflecting the name change and merger, respectively, are attached hereto as **Exhibit E**. As a result, Wells Fargo is the party in interest in the instant action.

9. Wells Fargo is a national banking association whose articles of association designate Sioux Falls, South Dakota as the location of Wells Fargo's main office. Decl. of Michael Dolan ¶ 1, attached hereto. Under 28 U.S.C. § 1348, "all national banking associations

shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." Accordingly, Wells Fargo is a citizen of South Dakota, and was a citizen of South Dakota at the time of the Complaint. See <u>Wachovia Bank, N.A. v. Schmidt</u>, 546 U.S. 303, 307 (2006) ("… we hold that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located.").

10. Plaintiffs' Complaint alleges a total of eight claims for violations of the New Jersey Consumer Fraud Act ("CFA"), N.J. Stat. Ann. § 56:8-2, and the Unfair Trade Practices Act (which is subsumed by the CFA); unjust enrichment; dominion and control of mortgage loans and accounts affecting Plaintiffs' credit standing and loan balances; fraudulent misrepresentation; equitable estoppel; breach of contract; and inflation of Plaintiffs' indebtedness, all of which relate to Wells Fargo's refusal to remove accounts from bankruptcy status and accept payments. Specifically, Plaintiffs claim that Wells Fargo refused to acknowledge the withdrawal of Plaintiffs' bankruptcy petition and refused to accept and post payments, all with the supposed intent to charge additional fees. Compl. ¶¶ 2, Ex. A.

11. Plaintiffs also allege that Wells Fargo imposed a "scheme of retaining Plaintiffs in 'bankruptcy status' indefinitely" as part of a larger conspiracy to prevent Plaintiffs from making timely payments. Compl. ¶ 3, Ex. A.

12. Plaintiffs bring their claims purportedly on their own behalf and on behalf of a putative statewide class of "more than one thousand homeowners" consisting of:

> all New Jersey homeowners whose properties are subject to, or encumbered by, mortgage loans and notes payable to one or more Defendants herein, and who have ever filed for bankruptcy and then terminated their bankruptcy actions, and who have ever been assessed hazard insurance charges for unnecessary insurance coverage imposed by Defendants despite the fact that Plaintiffs have remained continuously covered by their own homeowner's insurance.

Compl. ¶ 17-18, Ex. A.

13. Plaintiffs' Complaint requests various types of alleged relief, including: (1) compensatory and punitive damages; (2) interest on all payments previously tendered; (3) reinstatement of loans including the reversal of all late charges, accrued interest, penalties, surcharges and other assessments; (4) reasonable attorneys' and expert witness fees; (5) a declaratory judgment; (6) injunctive relief; and (7) an accounting from March 1, 2012 until the present. Compl. ¶¶ 38-77 (Prayers for Relief for Counts One through Eight), Ex. A.

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

14. <u>Removal to Proper Court</u>. This Court is part of the "district and division" embracing the place where this action was filed in Camden, New Jersey. 28 U.S.C. § 1446(a).

15. <u>Removal is Timely</u>. Diane A. Bettino, Wells Fargo's counsel, was served with the Summons and Complaint on March 7, 2013, attached hereto as Exhibit A. This Notice of Removal is being filed with the United States District Court for the District of New Jersey on April 5, 2013, within thirty days after receipt of the State Court Action Summons and Complaint by Diane A. Bettino.

16. <u>Jurisdiction</u>. Jurisdiction is mandatory, not discretionary, under CAFA because none of the exceptions to removal under CAFA apply in the instant case where the only defendant in the case, Wells Fargo, is a citizen of South Dakota and not New Jersey where the instant action was filed. <u>See</u> 28 U.S.C. §§ 1332(d)(3)-(d)(4) (stating that a district court may decline to exercise jurisdiction over a class action where more than two-thirds of the plaintiff class and all primary defendants are citizens of the state where the plaintiff sued, or where more than two-thirds of the plaintiff class and at least one primary defendant are residents of the state where the action was brought).

17. <u>Pleadings and Process</u>. A true and correct copy of all process, pleadings, and orders served upon Wells Fargo in the State Court Action is attached hereto as Exhibit A. <u>See</u> 28 U.S.C. § 1446(a).

18. <u>Signature</u>. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. <u>See</u> 28 U.S.C. § 1446(a).

19. <u>Notice</u>. A true and correct copy of the Notice of Filing of Notice of Removal, which was served upon Plaintiffs' counsel with a true and correct copy of the Notice of Removal, and filed with the Clerk of the Superior Court of Camden County, New Jersey pursuant to 28 U.S.C. §§ 1446(a) and 1446(d), is attached hereto as **Exhibit F**.

20. <u>No Bond or Verification Required</u>. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988 ("Justice Act"), no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Justice Act, verification is not a necessary requirement for removal.

21. <u>Reservation</u>. To the extent that Plaintiffs seek to dispute the existence of subject matter jurisdiction under CAFA, Wells Fargo reserves the right, and requests the opportunity, to supply the Court with additional evidence in support of this Notice of Removal through affidavits, declarations, and documents, or at such hearing, as is necessary and appropriate.

**STATUTORY REQUIREMENTS – CLASS ACTION FAIRNESS ACT**

22. This Court has original subject matter jurisdiction under CAFA. Pursuant to 28 U.S.C. § 1332, as amended by CAFA, a putative "class action" commenced after the effective date of CAFA, may be removed to the United States District Court embracing the state court where the action was filed if: (1) there is "minimal diversity," that is at least one class member is a citizen of a state different from any defendant; (2) the class has at least 100 members; and (3)

the aggregate amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. See 28 U.S.C. § 1332(d)(2), (d)(5B), (d)(6). Complete diversity between the parties is not required. 28 U.S.C. § 1332(d)(2)(A).

23.     CAFA defines a "class action" as any case that a plaintiff files as a proposed class action under Rule 23 of the Federal Rules of Civil Procedure or any case "that is removed to a district court of the United States that was originally filed under a State statute or rule" similar to Rule 23. See 28 U.S.C. § 1711(2). The term "class members" is defined as those "persons who fall within the definition of the proposed or certified class in a class action." See 28 U.S.C. § 1711(4).

24.     CAFA is applicable to the State Court Action because it was commenced after February 18, 2005, the effective date of the Act. See Notes to 28 U.S.C. §§ 1332, 1453 ("The amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act.") (citing Class Action Fairness Act of 2005, Pub. L. No. 109-2 § 9, 119 Stat. 4 (2005)).

25.     <u>Minimal Diversity</u>. The requisite diversity of citizenship exists under 28 U.S.C. §§ 1332(d)(2) and (d)(7). As established in Paragraph 9 above, Wells Fargo is a citizen of South Dakota, and was a citizen of South Dakota at the time of the Complaint. In contrast, on information and belief, Plaintiffs reside in New Jersey. Compl. ¶ 8, Ex. A. A party's citizenship is based on her domicile, and residency is *prima facie* evidence of a party's domicile. Therefore, Wells Fargo is a citizen of a state different from at least one class member, and was so at the time of the Complaint. See 28 U.S.C. § 1332(d)(A).

26.     <u>Class Size</u>. Pursuant to the express language of CAFA, the class must have at least 100 members. 28 U.S.C. § 1332(d)(6). As established in Paragraph 12 above, Plaintiffs

allege that the putative class "consists of more than one thousand homeowners throughout the State of New Jersey . . . . The exact number of class members is unknown to plaintiff, but is believed to be in excess of one thousand." Compl. ¶ 18, Ex. A. Accordingly, there are at least 1,001 mortgagors or more allegedly implicated by the instant action statewide, which satisfies the membership requirement under CAFA.

27.     <u>Amount in Controversy</u>.  Pursuant to the express language of CAFA, the amount in controversy in a putative class action is determined by aggregating the amount allegedly at issue on behalf of all members in the alleged class. 28 U.S.C. § 1332(d)(6).  Wells Fargo denies that Plaintiffs or any putative class member is entitled to recover any amount, and specifically denies that Plaintiffs or any putative class member is entitled to relief in the various forms and amounts sought.  Based on the allegations of Plaintiffs' Complaint, however, were Plaintiffs to succeed in their claims, the aggregate recovery in this action would exceed the jurisdictional threshold of $5,000,000, exclusive of interest and costs, thereby satisfying the amount in controversy in at least three separate and distinct ways.

28.     *First*, Plaintiffs do not state the exact sum they are seeking in terms of damages and fees sought. Plaintiffs, however, seek compensation on behalf of themselves and putative class members for a variety of alleged injuries ranging from late fees and insurance premiums to maintaining a "scheme of retaining Plaintiffs in 'bankruptcy status' indefinitely" which "transcends all online banking, mortgage handling, credit management and consumer assistance policies" at Wells Fargo. Compl. ¶ 3,36, Ex. A.  Plaintiffs also demand the restoration of the credit of putative class members. Compl. ¶ 7, Ex. A.  To undo the foreclosure of a home or to restore a person's credit with all the credit bureaus, however, may easily amount to thousands of dollars. Part of undoing an action for the wrongful foreclosure of a mortgage is to restore to the

homeowner any attorneys' fees imposed by the lender. Pursuant to New Jersey Court Rule 4:42-9(a)(4), the amount of attorneys' fees allowable may be as much as $7,500 per foreclosure action. Plaintiffs seek such wide-ranging and expensive relief on behalf of a putative class which Plaintiffs themselves allege number in excess of one thousand. Compl. ¶ 17, Ex. A. In addition, Plaintiffs seek to treble damages under the CFA, N.J. Stat. Ann. § 56:8-19, as well as to impose punitive damages, which under New Jersey law can constitute up to five times compensatory damages, N.J. Stat. Ann. § 2A:15-5.14(b). Plaintiffs additionally seek the award of attorneys' fees and expert witness costs.

29.     Where, as here, the amount in controversy is ambiguous, courts have held that the removing defendant must prove by a "preponderance of the evidence" that the amount in controversy exceeds the $5,000,000 jurisdictional threshold. See Frederico v. Home Depot, 507 F.3d 188, 196 n.6 (3d Cir. 2007) ("[T]he burden rests on the defendant in a removal action to prove that the amount in controversy is sufficient… by a preponderance of the evidence… which we take to mean proof to a reasonable probability that jurisdiction exists.") (citing Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993)); Miedema v. Maytag Corp., 450 F.3d 1322, 1330 (11th Cir. 2006) ("[T]he district court properly invoked the rule that '[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.'") (citing Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) (second emphasis added)); Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 448 (7th Cir. 2005) ("[T]he removing litigant must show a reasonable probability that the stakes exceed the minimum."); Morgan v. Gay, No. 06-1371, 2006 WL 2265302, at *4 (D.N.J. Aug. 7, 2006) ("The [removing party]… must support their assertions of federal subject matter jurisdiction 'by a

preponderance of the evidence.'" (citing McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178 (1936))). Thus, where the complaint is silent on the amount in controversy, the burden falls on the removing party to show what the stakes are, and could be, based on the plaintiff's claims and demands. If recovery is more likely than not to exceed $5,000,000 for the class as a whole, then the amount in controversy requirement is satisfied. In other words, the case "must be remanded if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." Frederico, 507 F.3d at 197. Against this framework, an analysis of Plaintiffs' claims reveals an amount in controversy would exceed the jurisdictional threshold.

30. Wells Fargo denies that any putative class member is entitled to any relief and the amount in controversy analysis which follows should not be considered an endorsement of treating plaintiffs as a class; Wells Fargo denies that the case is appropriate for class certification and will vigorously oppose efforts to certify the class. However, when viewed against the above mentioned "preponderance of the evidence" framework Plaintiffs' damages, theoretically, would exceed $5,000,000 with respect to the proposed class.

(a) *Compensatory damages, attorney fees.* At a minimum, Plaintiffs seek to undo the wrongful foreclosure actions allegedly imposed on putative class members. Compl. ¶ 16, Ex. A. As established in Paragraph 28 above, part of undoing a potentially wrongful action for the foreclosure of a mortgage is to repay attorneys' fees allegedly imposed on members of the putative class by the lender. Pursuant to New Jersey Court Rule 4:42-9(a)(4), the amount of attorneys' fees allowable in this instance may be as much as $7,500.

(b) *Compensatory damages, hazard insurance premiums.* Plaintiffs also seek the reversal of charges assessed against their accounts, including hazard insurance

premiums. Compl. ¶ 41, 44(H), Ex. A. The estimated annual premium for each putative class member is $2,211. Decl. of Michael Dolan ¶ 2. When the premiums are combined with the attorneys' fees the total compensatory damages would be $9,711, per recovering class member.

(c)   *Statutory damages.* The CFA permits prevailing plaintiffs to collect up to three times the compensatory damages. N.J. Stat. Ann. § 56:8-19; see Cox v. Sears Roebuck & Co.,138 N.J. 2, 24 (1994) ("… we determine that an award of treble damages and attorneys' fees is mandatory under N.J.S.A. § 56:8-19 if a consumer-fraud Plaintiff proves both an unlawful practice under the [CFA] and an ascertainable loss."). Wells Fargo denies that Plaintiffs or the putative class are entitled to any statutory damages in this lawsuit. If awarded, however, three times the compensatory damages provides for $29,133 ($9,711 in total compensatory damages multiplied by 3) in statutory damages, per recovering class member.

(d)   *Punitive damages.* Plaintiffs also seek punitive damages against Wells Fargo. Compl. ¶ 64(F), Ex. A. In New Jersey, "punitive damages can be aggregated with compensatory damages to arrive at the amount in controversy requirement." Raspa v. Home Depot, 533 F.Supp.2d 514, 522 (D.N.J. 2007) (citing Golden ex rel. Golden v. Golden, 382 F.3d 348, 356 (3d Cir. 2004)). Furthermore, under New Jersey law, plaintiffs may collect up to five times the compensatory damages. See N.J. Stat. Ann. § 2A:15-5.14(b). Wells Fargo denies that Plaintiffs or the putative class are entitled to any punitive damages in this lawsuit. If awarded, however, five times the compensatory damages provides for $48,555 ($9,711 in total compensatory damages multiplied by 5) in punitive damages, per recovering class member.

Based on a sum of Plaintiffs' damages in subparagraphs (a) to (d), there is at least $87,399 per putative class member at stake in the instant action. Plaintiffs allege that their claims are "typical of the claims of the members of the Class." Compl. ¶ 20, Ex. A. Based on the damages sought above, Plaintiffs need only prevail on behalf of 58 class members for the amount in controversy to exceed $5,000,000. Given that Plaintiffs allege a putative class consisting of "more than one thousand," it does not appear to a legal certainty that Plaintiffs cannot recover the jurisdictional amount. Compl. ¶ 18, Ex. A. Rather, it is "more likely than not" the case that Plaintiffs' recovery will exceed $5,000,000 given the size of the proposed class and the wide-ranging and expensive relief Plaintiffs seek on behalf of the putative class, which Plaintiffs allege number in excess of one thousand. Compl. ¶¶ 38-77 (Prayers for Relief for Counts One through Eight), Ex. A.

31.     *Second*, Plaintiffs request an award of all reasonable attorneys' fees and costs related to the litigation. Compl. ¶ 7, Ex. A. Although 28 U.S.C. § 1332 excludes "interest and costs" from the amount in controversy, it is entirely appropriate to consider statutory attorneys' fees in determining the amount in controversy "if such fees are available to successful Plaintiffs under the statutory cause of action." Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997); see Raspa, 533 F.Supp.2d at 522 (stating that "[t]his Court must also consider attorneys' fees, which can be significant" for calculating the jurisdictional threshold in a CAFA removal case). Such is the case here based on Plaintiffs' allegations under the CFA and the UCC. Typically, attorneys' fees may be "as much as thirty percent of the judgment." Frederico, 507 F.3d at 199 (quoting In re Rite Aid Corp. Sec. Lit., 396 F.3d 294, 303 (3d Cir. 2005) (noting study done by the Federal Judicial Center that found a median percentage recovery range of 27-30% for all class actions resolved or settled over a four-year period)). Accordingly, thirty percent of a

$87,399 judgment is $26,219. This amount multiplied by the putative class of more than 1,000 members indicates that statutory attorneys' fees alone are enough to satisfy the amount in controversy requirement. Combining each putative class members' potential damages and statutory fees brings each member's potential recovery to $113,618.

32.     *Third,* Plaintiffs allege that Wells Fargo violated the CFA and demand "the maximum statutory civil penalty" be assessed against Wells Fargo. Compl. ¶ 44(M), Ex. A. The CFA permits a civil penalty of "not more than $10,000 for the first offense and not more than $20,000 for the second and each subsequent offense. N.J. Stat. Ann. § 56:8-13.  Although the civil penalties are not recoverable by the Plaintiffs, they should be considered in calculating the amount in controversy requirement. Faltaous v. Johnson & Johnson, CIV.A. 07-1572JLL, 2007 WL 3256833, at *11 (D.N.J. Nov. 5, 2007) ("penalties should be included in the amount in controversy calculation"); see also Babasa v. LensCrafters, Inc., 498 F.3d 972, 975 (9th Cir. 2007) (noting that an estimated $4.5 million of damages and $5 million in civil penalties "exceeded the amount in controversy required for federal jurisdiction"). Wells Fargo denies any violations of the CFA and any liability for civil penalties.  If awarded, however, Wells Fargo would be liable for up to $20,000 in fines per class member, with the exception of $10,000 for the first violation. A single fine per each of the more than 1,000 class members would easily exceed the $5,000,000 amount in controversy requirement, regardless of the Plaintiffs' damages. This assumes a single violation per class member, if multiple violations per member are found the liability could be much higher.

33.     As established in Paragraphs 30-32 above, the damages, statutory attorneys' fees, and civil penalties could each independently satisfy the amount in controversy requirement. When combining these items, Wells Fargo's potential liability for each putative class member is

$133,618. Extrapolating across the putative class, which Plaintiffs claim is in excess of 1,000 members, and it is clear that Plaintiffs' recovery would "more likely than not" exceed $5,000,000.

34. While Wells Fargo denies that any putative class member is entitled to any relief and denies that the case is appropriate for class certification, Wells Fargo has shown that based on the allegations in the Complaint, the aggregate amount in controversy in this putative statewide class action exceeds $5,000,000, regardless of interest and costs. Decl. of Michael Dolan ¶ 3, attached hereto.

35. It is long established that courts generally place the burden on the party opposing removal to prove that an exception to removal under CAFA exists. See Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 698 (2003) ("Since 1948, therefore, there has been no question that whenever the subject matter of an action qualifies it for removal, the burden is on a Plaintiff to find an express exception."); Harvey v. Blockbuster Inc., 384 F.Supp.2d 749, 752 (D.N.J. 2005) ("[I]t appears that the party opposing removal under Section 1332 (d) bears the initial burden of demonstrating that an action should be remanded."). Therefore, Wells Fargo does not bear the burden of showing that no exception to removal applies under 28 U.S.C. § 1332(d). If, however, Wells Fargo bore the burden, neither the relevant exceptions of "home-state controversy" nor "local controversy" would apply in the instant case, since Wells Fargo is neither a citizen nor a resident of the State of New Jersey where the action was brought, but is, in fact, a citizen of South Dakota, as established in paragraph 8 above. 28 U.S.C. §§ 1332(d)(3)-(d)(4).

36. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as amended by CAFA, and this action is properly removed to this Court.

WHEREFORE, this action should proceed in the United States District Court for the District of New Jersey.

**REED SMITH LLP**

_s/Mark S. Melodia_
Mark S. Melodia

DATED: April 4, 2013